UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02194-JVS-KESx        Date: August 12, 2019

Title: BYLT, LLC v. B.Y.L.T. PERFORMANCE, LLC, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
| --- | --- |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| --- | --- |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    ORDER Granting, in Part, and Denying, in Part, Plaintiff's Motion to Compel Discovery [Dkt. 27]

Before the Court is a motion filed by BYLT, LLC ("Plaintiff") to compel further discovery responses from Defendant B.Y.L.T. Performance, LLC ("Defendant") and a request for sanctions under Federal Rule of Civil Procedure 37(a)(5). (Dkt. 27.) The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. The hearing noticed for August 27, 2019, is ordered OFF CALENDAR.

I.  Background.

    A.  The Pleadings.

Plaintiff sells apparel under the BYLT and BYLT BASICS marks. (First Amended Complaint ["FAC" at Dkt. 10] ¶¶ 9, 11.) Defendant sells dietary and nutritional supplements and sports and energy drinks. (Id. ¶ 14.) It also sells promotional T-shirts. (Id. ¶ 19.) Defendant owns registered trademarks for B.Y.L.T. in association with supplements and sports drinks. (Id. ¶¶ 17-18.)

In September 2018, after publication of Plaintiff's trademark application for comment, Defendant alerted Plaintiff that Plaintiff was infringing the B.Y.L.T. mark by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. 8:18-cv-02194-JVS-KESx | Date: August 12, 2019 |
| | Page 2 |

its apparel sales.  (Id. ¶ 20.)  Plaintiff disputes this, contending that "Defendant has used the B.Y.L.T. mark on t-shirts only sporadically at best since September 2015, and having only de minimis sales."  (Id. ¶ 26.)  Plaintiff filed this action seeking a declaratory judgment of non-infringement and validity of Plaintiff's pending trademark application.  (Id. ¶ ¶ 34, 37.)

Defendant filed a counterclaim for cancellation of Plaintiff's trademark application, infringement, unfair competition, and false advertising.  (Dkt. 16.)

### B. The Instant Discovery Dispute.

Plaintiff served one set of interrogatories ("Rogs") and one set of requests for production ("RFPs").  (Dkt. 27-1 at 4.)  Defendant responded on March 23, 2019.  (Dkt. 27-2 ¶ 2.)  On June 1, 2019, Plaintiff sent an email requesting to meet and confer under Local Rule 37.  (Dkt. 27-3 at 2-6.)  On June 13, 2019, counsel held a teleconference to discuss the disputed responses, and Defendant agreed to supplement some responses and provide additional documents.  (Id. at 9.)

On June 21, 2019, Defendant produced some additional documents and supplemental responses.  (Id. at 11-13 [email with request-by-request responses to meet and confer email].)  Plaintiff proceeded to draft its portion of a Joint Stipulation and filed the motion to compel on July 31, 2019.

Plaintiff contends generally that Defendant's responses are insufficient because Defendant made "only boilerplate objections" and failed to respond fully to all requests.  (Dkt. 27-1 at 4-5.)  Plaintiff seeks fees of $3,300 in attorney's fees "pursuant to FRCP 37(a)(5)(A)."  (Id. at 5.)  Defendant contends that it made proper objections and "responded in good faith to all of Plaintiff's interrogatories and production requests by providing responsive documents after reasonable inquiry."  (Id. at 6-7.)

## II. Disposition.

### A. Rulings on Motion to Compel Further Discovery Responses.

As reflected in the rulings below, the Court finds that many of Defendant's responses are complete or that Defendant made appropriate objections.  It appears that many of the issues raised in the Joint Stipulation could have been resolved had Plaintiff been willing to continue to engage and the meet and confer process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02194-JVS-KESx                                    Date: August 12, 2019
                                                                                     Page 3

| Request | Dkt. 27-1 | Ruling on Motion to Compel |
|---------|-----------|----------------------------|
| Rog 1   | 8-9       | Denied without prejudice.  Defendant indicated that it will provide additional financial information as it becomes available.  The parties should continue to meet and confer about what financial information will be available and when it will be produced (both from Defendant and from Plaintiff). |
| Rog 2   | 9-10      | Denied.  The request to "identify *all* documents" showing use of the B.Y.L.T. mark on clothing is overbroad.  If it has not already, Defendant should produce documents sufficient to identify all the kinds of apparel items it sold using the B.Y.L.T. mark and the amounts and times of those sales. |
| Rog 3   | 10-11     | See Rog 2 ruling. |
| Rog 5   | 11-12     | Denied.  Defendant provided a complete response. |
| Rog 6   | 12-13     | Denied, because the Court understands Defendant's response as saying that it first became aware of Plaintiff through customer inquiries in July 2018. |
| Rog 9   | 13        | Denied without prejudice.  Defendant indicated that it will provide additional financial information when available.  The parties should meet and confer over mutually applicable procedures for exchanging privilege logs.  If after reviewing Defendant's privilege log and further conferring, the parties cannot resolve their dispute over the privilege claim for the Gifted Nutrition tax returns, then they may file letter briefs addressing that discrete issue. |
| Rog 10  | 13-14     | Denied without prejudice.  The parties should meet and confer and mutually disclose their efforts to conduct a reasonable search for relevant documents.  If a party learns facts that cause it to believe that the opposing party has not conducted a diligent search, then, after thoroughly discussing the dispute, they may file letter briefs bringing that dispute to the Court's attention. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02194-JVS-KESx          Date: August 12, 2019
                                         Page 4

| Rog 14 | 14-15 | Denied. As written, this Rog calls for a legal conclusion. The parties should meet and confer over mutually applicable procedures for exchanging privilege logs. |
| --- | --- | --- |
| Rog 17 | 15-16 | See Rog 14 ruling. |
| RFP 1 | 16-17 | Denied, because relevancy/overbreadth objection sustained. If it has not already, Defendant should produce sufficient documents to identify the kinds of apparel items it sold using the B.Y.L.T. mark, the amounts, and when. The lack of a time limit is not unduly burdensome since sales began in 2015. |
| RFP 2 | 17-18 | Denied, because relevancy/overbreadth objection sustained. If it has not already, Defendant should produce sufficient documents to identify the kinds of apparel items it gave away bearing the B.Y.L.T. mark, the amounts, and when. The lack of a time limit is not unduly burdensome since sales began in 2015. Defendant should produce relevant documents rather than just referring Plaintiff to websites. |
| RFP 4 | 18-19 | Denied without prejudice. The parties should meet and confer over why representative samples and photographs are (or are not) sufficient. They should also provide each other with dates for mutually inspecting or exchanging relevant samples. |
| RFP 6 | 19-20 | Denied. Defendant fully responded by saying, "Defendant is not aware of any documents showing the first sale of clothing bearing the B.Y.L.T. mark." |
| RFP 7 | 20-21 | Denied. There may be a dispute over the defined term "YOUR," but Plaintiff, the moving party, has not provided that definition to the Court. No waiver of privilege. Defendant fully responded by saying, "Defendant is not aware of any documents except U.S. Trademark Registration No. showing first use date of 9-0-2014." |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02194-JVS-KESx                                     Date: August 12, 2019
                                                                    Page 5

| RFP 8 | 21-22 | Denied. Defendant fully responded by saying, "The earliest responsive document Defendant was able to locate showing sale of BYLT sports drink was supplemental DR-000091." |
|---|---|---|
| RFP 9 | 22-23 | The Court directs the parties to meet and confer. Defendant should be able to produce (or identify already produced) documents sufficient to establish a timeline of when B.Y.L.T. shirts (and other clothing items) were sold online. |
| RFP 10 | 23-24 | See RFP 9 ruling. |
| RFP 13 | 24 | Denied. While Defendant's initial objections were not well taken, Defendant later fully responded by saying that it has produced all responsive documents after a reasonable search. |
| RFP 14 | 24-25 | Defendant asserts that it produced responsive document, but Plaintiff asserts that none were received. The Court directs the parties to meet and confer over where information identifying the customers' locations can be found in the documents. Defendant need not create a state-by-state breakdown if none exists. |
| RFP 17 | 25-26 | Defendant responded that it has no documents that indicate the "numbers of shirts made or imported bearing the B.Y.L.T. term," but it provided the name of "the person who originally made BYLT shirts for Gifted Nutrition." The Court directs the parties to meet and confer over what manufacturing or import records (if any) Defendant has and whether Plaintiff should subpoena the third-party identified by Defendant. |
| RFP 18 | 26 | Denied, because relevancy/overbreadth objection sustained. Plaintiff's argument that the requested documents may illuminate unidentified issues is insufficient. |
| RFP 19 | 27 | Denied, because Defendant fully responded, "All responsive documents produced." |
| RFP 20 | 27 | See RFP 19 ruling. |
| RFP 21 | 28 | See RFP 19 ruling. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02194-JVS-KESx             Date: August 12, 2019
                                                                                            Page 6

| | | |
|---|---|---|
| RFP 22 | 28 | Defendant says, "All responsive documents produced or otherwise in Plaintiff's possession or control." During meet and confer discussions, Defendant shall identify what documents it did not produce because it believed them to already be in Plaintiff's possession. |
| RFP 23 | 28-29 | Denied, because Defendant fully responded, "No emails located." |
| RFP 25 | 29 | During meet and confer discussions, Defendant shall identify what documents it did not produce because it believed them already to be in Plaintiff's possession. |
| RFP 26 | 29-30 | Denied. Defendant is obligated to produce available, relevant sales data, but it is not obligated to create "quarterly breakdowns" if none exist. |
| RFP 29 | 30 | Denied, because Defendant fully responded, "No employees." |
| RFP 32 | 31 | Defendant responded that no independent contractors are used for marketing, but it did not respond as to distributing. The parties should meet and confer about the existence of records sufficient to identify any independent contractors used for distributing, either in Defendant's custody or other sources known to Defendant. |
| RFP 33 | 31-32 | Defendant says that it has no responsive documents, which Plaintiff asserts is not credible. Defendant suggests that the information sought is not in its possession, custody, or control. The parties should meet and confer about the existence of records sufficient to identify any independent contractors used for distributing (either in Defendant's custody or other sources known to Defendant). |
| RFP 34 | 32-33 | Denied. Defendant's response is sufficient. |
| RFP 35 | 33 | Denied, because Defendant fully responded by saying that it located no documents. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02194-JVS-KESx                              Date: August 12, 2019
                                                             Page 7

| RFP 36 | 33-34 | Denied, because Defendant fully responded by saying that it located no documents. |
|---|---|---|
| RFP 38 | 35 | Denied without prejudice. RFP 38 seeks "Any documents indicating plans or efforts by You to sell clothing since 2014." Defendant identified a relevant planning document and has agreed to produce sales documents as evidence of sales "efforts." The parties should meet and confer as to what other kinds of responsive documents Plaintiff thinks might exist. |
| RFP 39 | 35-36 | Denied, because Defendant fully responded by saying that it has no marketing or advertising plans. |
| RFP 41 | 36 | See Rog 1 ruling. |
| RFP 43 | 36-37 | No privilege waiver. The parties should meet and confer over mutually applicable procedures for exchanging privilege logs. If Plaintiff still disputes the claim of privilege after receiving Defendant's log, then the parties shall further meet and confer and, if necessary, file letter briefs. |
| RFP 46 | 37 | Granted. This request is not overly broad, and Defendant has not shown disproportionate burden. This information goes to the heart of the parties' dispute. ***Within 14 days, Defendant shall provide a supplemental written response identifying responsive documents and produce them.*** |
| RFP 47 | 38 | See RFP 46 ruling. |
| RFP 48 | 38-39 | See RFP 46 ruling. |
| RFP 49 | 39 | Defendant did not waive objections by inadvertently missing a few RFPs in a long set. The Court interprets "every web page" to mean every web address. With that clarification, the request is not overly broad. The parties shall meet and confer about whether all responsive information has already been produced. |
| RFP 50 | 40 | Denied, because Defendant responded that it is not aware of any marketing surveys or market research. |

Case 8:18-cv-02194-JVS-KES Document 28 Filed 08/12/19 Page 8 of 10 Page ID #:416

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02194-JVS-KESx            Date: August 12, 2019
Page 8

| | | |
|---|---|---|
| RFP 52 | 40 | Denied. Defendant's relevancy objection is sustained, because the RFP contains no limitation as to subject matter. |
| RFP 53 | 41 | The parties shall meet and confer about why the profit and loss sheet from 2015 shows $85,770 in advertising expenses yet Defendant says, "No paid advertising." Defendant's supplemental response says, "Advertising conducted through social media;" Defendant should explain what that entailed and produce related documents. |
| RFP 54 | 41 | Defendant did not waive objections by inadvertently missing a few RFPs in a long set. While Defendant indicates that it has produced some evidence of damages, Defendant does not say whether other evidence is presently available. The parties should meet and confer over what evidence of Defendant's damages on its counterclaim are available and when more will be available. ***It is in both parties' interest (for valuing the case and discussing settlement) for Defendant to produce evidence substantiating its claimed damages ASAP. To the extent Defendant's damages are based, in part, on Plaintiff's sales or other financial data, Plaintiff should produce that information ASAP. Counsel for the parties know what data is relevant in this kind of dispute.*** |
| RFP 55 | 41 | See Rog 1 ruling. |
| RFP 56 | 42 | See Rog 1 ruling. |
| RFP 57 | 42 | See Rog 1 ruling. |
| RFP 59 | 43 | Objections based on burdensome and duplicative nature of RFP overruled. Plaintiff seeks production of documents identified as relevant in Rog responses but not produced in response to some other RFP. The parties shall meet and confer about whether any such documents exist. |
| RFP 61 | 44-45 | Denied, because objections as overbroad and calling for a legal conclusion, i.e., linking certain documents with certain defenses, sustained. However, both parties have an affirmative duty to produce documents that they may use to |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. 8:18-cv-02194-JVS-KESx | | Date: August 12, 2019 |
| | | Page 9 |

| | | |
|---|---|---|
| | | support their denials and affirmative defenses under Rule 26(a)(1)(A). |
| RFP 62 | 45-46 | See RFP 61 ruling. |
| RFP 63 | 46 | See RFP 61 ruling. |
| RFP 64 | 47 | See RFP 61 ruling. |
| RFP 65 | 48 | See RFP 61 ruling. |
| RFP 66 | 49 | See RFP 61 ruling. |
| RFP 67 | 49-50 | Granted.  Defendant's supplemental response referring Plaintiff to web addresses does not identify what material at those addresses is responsive.  Defendant must provide a further written response and produce documents showing that "BYLT Performance has become well known for its branded portfolio of products."  This information would be known to Defendant without taking depositions. |
| RFP 68 | 50-51 | Denied, because the Court understands Defendant's response to be that it has produced all documents currently in its possession/custody/control that evidence consumer confusion, as listed in the supplemental response. |
| RFP 69 | 51 | The parties should meet and confer over the identity and precise online location of these documents so that Plaintiff knows it has the documents referenced by Defendant.  If sufficiently identified, Defendant does not need to print and produce public documents on file with the Patent and Trademark Office. |

### B.     Ruling on Request for Sanctions.

The Court DENIES Plaintiff's request for sanctions because (1) the declaration of Plaintiff's counsel does not substantiate the request, (2) many of Defendant's responses were substantially justified, (3) Plaintiff filed the motion before exhausting the meet and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:18-cv-02194-JVS-KESx | Date: August 12, 2019 |
| | Page 10 |

confer process, and (4) Plaintiff's portion of the Joint Stipulation does not comply with the requirements of the local rules.

Regarding point (3), many of Defendant's emailed responses to the initial meet-and-confer email requested clarification or authority, but Plaintiff did not engage with Defendant on these requests. For example, re RFP 7, Defendant asked for clarification as to whose records were sought, and Plaintiff chose to brief an argument to the Court that Defendant's question was "nonsensical" rather than give Defendant an answer.

Regarding point (4), Plaintiff did not incorporate into the Joint Stipulation relevant portions of Defendant's supplemental responses, leaving the Court to find them in Dkt. 27-3. For example, re RFP 29, Plaintiff provided Defendant's initial response (a clear typographical error) then argued that it was "unintelligible." There was no reason to present that argument, since Defendant had already clarified that it meant to refer to RFP 28. (Dkt. 27-3 at 12.) Re RFP 36, Defendant supplemented by saying, "No responsive documents located." That response was not included in the Joint Stipulation as part of Defendant's response; Plaintiff argued that the supplemental response was not "credible" because it did not know how Defendant had looked for documents. Plaintiff should have discussed this with Defendant and developed some facts before asking the Court to compel further production. Re RFP 43, Plaintiff provided case law to the Court, but not to Defendant prior to serving Defendant with Plaintiff's portion of the Joint Stipulation. Re RFP 46, Plaintiff summarized Defendant's supplemental response but omitted specifics.